UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KANTO SMAJLAJ,<br><br>             Plaintiff,<br><br>    -against-<br><br>PRITCHARD INDUSTRIES, INC.,<br><br>             Defendant. | **COMPLAINT**<br><br>**Docket No.: 18-cv-2243**<br><br>Jury Trial Demanded |

KANTO SMAJLAJ, ("Plaintiff"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against PRITCHARD INDUSTRIES, INC. ("Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR"), tit. 12, § 141-1.4; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendant - - a building services and facility maintenance provider - - as a building maintenance worker from December 1993 until his termination on March 2, 2016. As described below, throughout his employment, but as is relevant herein, for the six-

year period pre-dating this action's commencement through his last day of work, ("the Relevant Time Period"), Defendant willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL.  Indeed, throughout the Relevant Time Period, Defendant required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours during many weeks, yet Defendant failed to compensate Plaintiff at one and one-half times his regular rate of pay for all hours that he worked in excess of forty each week.  Specifically, in addition to his regularly scheduled workweek of at least forty hours, and often more, Defendant also typically required Plaintiff, an hourly employee, to work extended shifts on many days.  But when Plaintiff did so, Defendant almost always shortchanged Plaintiff by failing to pay him at any rate of pay, and thus not at time and one-half his straight-time rate, for typically between one and one-half and three hours that he worked during those extended shifts, thereby violating the FLSA's and NYLL's overtime provisions in the process.

3. Defendant further violated the NYLL by failing to provide Plaintiff with accurate wage statements on each payday.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, et seq.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## PARTIES

6. Throughout the Relevant Time Period, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, NYLL, and the NYCCRR.

7. Throughout the Relevant Time Period and continuing through the present, Defendant was and is a Delaware corporation authorized to do business in New York, which operated and operates out of an office located at 150 East 42nd Street, Floor 7, New York, New York 10017, and that is registered with the New York Department of State to receive service of process care of the Prentice-Hall Corporation System, Inc., 80 State Street, Albany, New York 12207.

8. Throughout the Relevant Time Period, Defendant was and is an "employer" within the meaning of the FLSA and the NYLL. Additionally during that time, Defendant's qualifying annual businesses exceeded $500,000.00, and Defendant was engaged in interstate commerce within the meaning of the FLSA as it employed two or more employees and provided building services and facility maintenance nationwide, and thus in states outside of New York, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

## BACKGROUND FACTS

9. Defendant is engaged in the business of providing building management services and facility maintenance for many commercial buildings across the country, including in and around New York City.

10. Defendant employed Plaintiff as a "building maintenance worker" from in or around December 1993 until March 2, 2016, at Defendant's building located at 375 Hudson Street, New York, New York (hereinafter "the Hudson Street Building").

11. Throughout at least the Relevant Time Period, Plaintiff's duties primarily involved maintenance, construction, and garbage collection at the Hudson Street Building.

12. Throughout the Relevant Time Period, Defendant paid Plaintiff on an hourly basis and Plaintiff worked different regularly-scheduled shifts totaling at least forty hours per week and usually more.

13. From the beginning of the Relevant Time Period through December 2015, Defendant paid Plaintiff at the straight-time rate of $23.92 per hour and the overtime rate of $35.88.

14. From January 1, 2016 through the end of the Relevant Time Period, Defendant paid Plaintiff at the straight-time rate of $24.62 per hour and the overtime rate of $36.93.

15. In addition to his regular schedule, Defendant also frequently required Plaintiff to work an extended "double shift," comprised of two back-to-back shifts of typically between six and eight hours per shift. Like his regular schedule, the number of "double shifts" that Plaintiff worked per week also varied, with Plaintiff working as many as six double shifts in any given week.

16. Defendant required Plaintiff to log his hours via a punch clock to mark the beginning and end of his shifts. However, on those instances when he worked a "double shift," Plaintiff was not able to punch out at the end of the second shift because the punch clock was located in a room that locked before the end of Plaintiff's second shift. Thus, at Defendant's instruction, to notify Defendant of his end-time on those instances, Plaintiff manually signed out with the Hudson Street Building's front desk security guard to reflect the time when he stopped working.

17. For nearly all of his "double shifts" when Plaintiff was unable to punch out and instead was required to manually signed out of work, Defendant failed to pay Plaintiff for many

4

of his hours worked during those shifts. Instead, Defendant routinely shortchanged Plaintiff by between one and one-half and three hours for virtually each one of those shifts, almost all of which were hours worked in addition to his first forty hours worked in a week.

18. Defendants, thus, failed to pay Plaintiff at any rate of pay, and thus not at his overtime rate for all hours that Plaintiff worked over forty in a week.

19. By way of example only, during the workweek of February 6 through February 12, 2016, Defendant scheduled Plaintiff to work, and Plaintiff did work, from 5:00 p.m. until 12:30 a.m. for five days, with a thirty minute break each day. During that same week, on two of those same five workdays, Plaintiff also worked an extended eight-hour "double shift," beginning at 12:30 a.m. immediately after his first shift ended and ending at 9:00 a.m., each with a thirty minute break, for a total of fifty-one hours worked that week. During that same week, Defendant paid Plaintiff at the rate of $24.62 per hour for the first forty hours that he worked, and at the rate $36.93 per hour for seven hours of overtime pay. Defendant paid Plaintiff nothing, and therefore not one and one-half times his regular rate of pay, for the remaining four hours that he worked during his extended "double shifts" that week, meaning that Defendant shortchanged Plaintiff by $147.72 for this week.

20. Defendant paid Plaintiff on a weekly basis.

21. On each occasion when Defendant paid Plaintiff, Defendant failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*: his actual hours worked for that week and/or his straight and overtime rates of pay for all hours worked.

22. Each hour that Plaintiff worked was for Defendant's benefit.

23. Defendant acted in the manner described herein so as to minimize its overhead while maximizing profits.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the FLSA*

24. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

25. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

26. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

27. As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendant failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

28. Defendant willfully violated the FLSA.

29. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay.

30. Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendant's violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the NYLL and the NYCCRR*

31. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32. N.Y. Lab. Law § 160 and 12 NYCCRR § 141-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

33. As described above, Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

34. As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendant failed to compensate Plaintiff in accordance with the NYLL's and the NYCCRR's overtime provisions.

35. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay.

36. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

37. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

39. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

40. As also described above, Defendant, on each payday, failed to furnish Plaintiff with accurate wage statements containing the criteria required under the NYLL.

41. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendant is liable to Plaintiff in the amount of $100.00 for each workweek that the violations occurred, up to a statutory cap of $2,500.00.

42. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff in the amount of $250.00 for each workday that the violations occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

43. Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. An order restraining Defendant from any retaliation against Plaintiff for participation in any form in this litigation;

c. All damages that Plaintiff has sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for Defendant's unlawful payment practices;

d. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

e. Awarding Plaintiff his reasonable attorneys' fees, as well as his costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

f. Pre-judgment and post-judgment interest, as provided by law; and

      g.    Granting Plaintiff such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       March 13, 2018

                          Respectfully submitted,

                          BORRELLI & ASSOCIATES, P.L.L.C.
                          *Attorneys for Plaintiff*
                          655 Third Avenue, Suite 1821
                          New York, New York 10017
                          Tel.   (212) 679-5000
                          Fax.  (212) 679-5005

By: _____
                          MICHAEL R. MINKOFF (MM 4787)
                          ALEXANDER T. COLEMAN (AC 1717)
                          MICHAEL J. BORRELLI (MB 8533)